IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Jocelyn Walker )
)
*Plaintiff* )
)Action No:
V. )
)
Cobb County Government )
)
*Defendant* )
_____/

# COMPLAINT

Comes now Plaintiff Ms. Jocelyn Walker, by and through her attorneys files this complaint against the Cobb County government for discrimination based on disability, harassment, and retaliation, pursuant to the American Disability Act(ADA), ADAAA, and Title VII of the civil rights act of 1964.

## JURISDICTION

1. This Court has jurisdiction under 42 U.S.C. Section 2000e, ADA, and ADA Amendment act of 2008 (ADAAA).

## VENUE

2. Venue is proper as the adverse decisions against the Plaintiff, subject to this action, were made in this judicial district.

## PARTIES

3. Plaintiff Jocelyn Walker is an African American female with disability, a citizen of the United State, resident in Cobb County GA . At all times relevant to this suit, was employed with the finance Department of Cobb County Government.

4. Defendant Cobb county is a governmental parastatal with offices located at 100 Cherokee Street suite 400 Cobb county Georgia.  The Defendant will be served at this place of business by serving the county manager Mr. David Hankerson.

## STATEMENT OF FACT

5. On or about September 28, 2016, Ms. Jocelyn was employed as Administrative Specialist II with the Finance Department of Cobb County Government.

6. Ms. Stephanie is a cancer survivor and has a disability known as Hypothyroidism, a condition with symptoms such as fatigue, weakness, memory loss, muscle cramps, frequent muscle aches, depression etc.

7. Ms. Stephanie informed her manager Ms. Stephanie Balli and Mr Jim Pehrson of her condition and a few other employees in the office have knowledge of Ms. Jocelyn's condition.

8. Initially, the job description included distribution and processing of daily mails and covering the front desk, within the next month, the job description increased to include uploading of vendor information and documents into account receivable and accounts payable system. Plaintiff was provided minimal training for this portion of her job

9. Plaintiff was not properly trained on how to carry out the vendor uploads portion of this new duties.

10. On Numerous occasions, Ms. Jocelyn reached out to her direct manager, the accounts manager, Ms. Bali to assist in training her on the task of Vendor uploads, a job duty for which Ms. Jocelyn needed assistance, but the manager Ms. Staphanie Balli never had the time to properly train or explain the procedures to Ms. Jocelyn.

11. Due to the lack of proper training, Ms. Jocelyn made a few errors with regards to the Vendor uploads portion of her duties.  Ms. Jocelyn again requested proper training from her manager who later confirmed to the Plaintiff in one of the email correspondence to plaintiff that there is no proper manual for training on vendor uploads and that the employees will have to learn as they go from their mistakes or via hands on training whereby the Manager sits by the trainee when time permits to guide the

trainee through the process. She also informed the Plaintiff that older employees were too behind in times and will never get the new system.

12. Due to the lack of proper training, Ms. Jocelyn made a few errors and was subjected to ridicule by her manager Ms. Stephanie Bali who never took the time to sit with Plaintiff for a proper training as suggested by Bali herself, but gloss over particular tasks with Plaintiff to correct mistakes.

13. Because Plaintiff was frustrated and was trying to avoid on the job mistakes at all cost, she complained to Mr. Jim Pehrson, the Director of the Finance Department about the training issue and requested for more training. Mr. Pehson promised to consider the issue.

14. When the same issue persisted, Ms. Jocelyn reported to the Human resources about the activities going on in her department and she was told that the Human Resource department has no control over the issues and that she should write a policy and procedure manual for herself to guide her in carrying out her duties since her department did not provide her with a comprehensive one.

15. On or about October 21, 2015, Ms. Jocelyn was harassed by another colleague Ms. Lauren Coover, while she was sorting mail and was insulted and called names by this employee on the floor of the office in

front of other workers, Ms. Jocelyn reported the aggression and harassment to her manager, Ms. Bali, and nothing was done to the person, rather she was told that the lady does not have filter and to forget about the incidence.

16. Because of this inaction by the Manager, Ms. Coover continued to harass the Plaintiff almost daily until the time the Plaintiff left the job

17. Plaintiff continued to suffer harassment at the hands of Ms. Coover and Ms. Bali and when she reports nothing was done about it. On or about December16, 2015, Plaintiff was harassed by her Manager Ms. Stephanie about taking late breaks even though the Plaintiff was attending a seminar for which she was assigned by Ms. Bali.

18. Several times Ms. Jocelyn was harassed about being slow in distributing the mail even when she was on time.  On or around March 3, 2016, Plaintiff was harassed about incorrectly performing a task or sending information to a person not on authorized list, it was later discovered the person was the right person to receive such information.

19. Ms. Jocelyn again reported the harassments and need for formal training to Mr. Jim Pehrson.  During the discussion with Mr. Jim, he told the Plaintiff that She has a learning disability and is slow and may be the reason for the issues the Plaintiff is having with her manager, and other

employees because other people have to correct Plaintiff's error.  In addition, Mr. Pehrson claimed that none of his managers had prior issues with other employees and that he will consider the issues, which he never did as the harassment persisted.

20. The Plaintiff reported the harassment by Ms.Coover, Ms. Stephanie and Mr. Pehrson to the Human resource  Director Mr Tony Hagler on or around February 29, 2016  who suggested that she speak to the county manager, Mr. David Hankerson.

21. When Ms. Jocelyn did not notice any change or reduction in harassment, she reported the harassment to Mr. David Henkerson on or around March 9, 2016  who promised to correct the problems . However, the Plaintiff was fired on or around March 24, 2016, about 2 weeks after she reported to the county Manager, in retaliation for exercising her right to report harassment and discrimination in the work place her job citing numerous reasons including work errors, watching Television at work and taking extended hours.

22. In her termination letter, they cited that she was rehireable and did not cite extended breaks as reason for firing her, however in the letter to the Department of labor they cited that Plaintiff too extended breaks and that she was not rehireable.

23. Plaintiff satisfied all administrative procedures before filing this case in the federal court.  She was given a right to sue letter dated September 22, 2016 and she filed her claim within 90 days of receipt of the Right to sue letter.

## COUNT 1

## DISCRIMINATION BASED ON DISABILITY

24. Plaintiff incorporates and realleged paragraph 1 through 23

25. Defendant Jim Pehrson is a final decision maker who makes decision to hire and fire.

26. Defendant discriminated against Plaintiff when she was called "slow with learning disability" by a final decision maker because of her health condition and terminated her employment in violation of the American Disability Act(ADA) ,and ADAAA.

27. Plaintiff suffered humiliation, loss of self-esteem and lost wages as a result of the termination of her employment based on her disability and is therefore entitled to compensation.

## Count II

## HARASSMENT

28. Defendant's conduct of constantly harassing the plaintiff through the actions of its employees, managers and managers, and the refusal of the finance manager, and director and county manager to take appropriate action regarding the harassment constitute a hostile and abusive work environment in violation of Title VII.

29. The constant harassment by Ms. Coover, and manager Stephanie Bali was pervasive and affected the Plaintiffs ability to do her job as she was in constant fear regarding how to proceed with her job, therefore affecting her job performance as it reduced her productivity because she had to constantly ask Ms. Stephanie what to do or not do or how to proceed with her job.

30. The Plaintiff was damaged by this constant and pervasive harassment and is entitled to compensation for the violation of her rights under Title VII.

## Count III

## RETALIATION

31. Defendant conduct of firing the Plaintiff about 2 weeks after reporting the harassment and discrimination to Mr Hagler and Mr. Henkerson,  an

activity protected by Title VII, constitute Retaliation. The stated reasons for termination were not the true reasons but a pretext to hide Defendant's retaliatory animus.

32. Plaintiff was damaged by the termination of her employment, financially, emotionally and psychologically and thus, is entitled to damages.

## PRAYER FOR RELIEF

Wherefore Plaintiff asks the honorable Court to grant her the following:

1. Lost wages as a result of the termination of her employment
2. Compensation for damages suffered because of her loss of employment
3. Punitive damages
4. Attorney's fees and court costs
5. All other damages the court deems reasonable

## JURY DEMAND

The Plaintiff requests a jury trial.

Respectfully submitted this 20th day of December, 2016.

s/Esther Oise Esq.
Bar No 686342
Attorney for Plaintiff
Jocelyn Walker

Oise Law Group<br>
1565 Woodington Circle Suite 101D<br>
Lawrenceville, GA 3004<br>
Phone:  (770)-895-3736<br>
Fax:     4045376531<br>
oiselaw@gmail.com

## CERTIFICATE OF SERVICE

I, Esther Oise, counsel for Plaintiff, on this 20th day of December, 2016, served this complaint on the Defendant via private process server at the address below.

David Hankerson
County Manager
Cobb County Government
100 Cherokee Street, suite 400
Marietta GA
30090

s/Esther Oise Esq.<br>
Bar No 686342<br>
Attorney for Plaintiff<br>
Jocelyn Walker<br>
Oise Law Group<br>
1565 Woodington Circle Suite 101D<br>
Lawrenceville, GA 3004<br>
Phone:  (770)-895-3736<br>
Fax:     4045376531<br>
oiselaw@gmail.com